## EMILY A. DESHA *v.* ELKIN T. JONES.

A ratification of an agent's acts may be presumed after three years acquiescence.

Where an agent for the collection of money buys property at the sheriff's sale in his own name, giving the sheriff a receipt for the amount, and afterwards sells the slave, the purchaser will be protected, unless the principal proves that he had notice of the agents having failed to account for the price at the sheriff's sale.

APPEAL from the District Court of Claiborne, *Jones,* J.   *George W. Peets,* for plaintiff.   *A. Lawson,* for defendant.   The judgment of the court was pronounced by

ROST, J.   The district court has correctly decided that the plaintiff has no claim against the defendant for the slave *Abram.*   That slave was seized early in 1848, under two executions, issued under judgments ; one of which belonged to the plaintiff, and the other to *Robert J. Chambliss,* executor, in his official capacity. It was adjudicated to *James J. Thompson* for the sum of $500, and by agreement between the two creditors, each of the executions was credited with the sum of $250.   *Thompson* was, at the time, the plaintiffs' agent in the collection of the debt; he paid *Chambliss* $250, and gave a receipt for a like sum to the defendant, who was then sheriff, in his capacity of agent of the plaintiff; subsequently, *Thompson* sold the slave to the defendant at an enhanced price.   In May, of the present year, three years after the sale of the slave, the plaintiff instituted this action, asserting her right to the undivided half of said slave, on the ground, that her agent has not accounted to her for the price received, but has converted her funds to his own use, in the purchase of the slave *Abram ;* and that the defendant had notice of the fact, and is not a purchaser in good faith.   There was judgment for the defendant, and the plaintiff appealed.

The appellants counsel states in his brief, that the case was decided against his client, on the ground that her long silence, after the sale to the defendant, raised a presumption of ratification on her part.   This is a question of fact, upon which we would not slightly differ from the district judge, but it appears to us, besides, that the plaintiff has failed to show that the defendant was affected with notice at the time he purchased the slave.   He may fairly have presumed, that his vendor had accounted to his principal, and, as it is not shown that he knew the contrary, he is entitled to the benefit of that presumption.

The judgment is affirmed, with costs.